UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
JAN 13 2011
CLERK, U.S DISTRICT COURT
NORFOLK, VA

TERENCE RIDLEY,

Petitioner,

v.  Case No. 2:10cv387

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge on September 30, 2010, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

It is further ORDERED that the Petition shall be deemed amended to substitute Harold W. Clarke, Director of the Virginia Department of Corrections, as sole respondent.[1]

## I. STATEMENT OF THE CASE

### A. Background

Petitioner was convicted of first degree murder, attempted robbery, and a weapons charge on February 15, 1984. (ECF No. 1, p. 1.) Petitioner was sentenced to serve a term of thirty-three (33) years in the custody of the Virginia penal system. (Id.) Petitioner was released on mandatory parole on July 26, 2006. (ECF No. 1, app. 1.) Petitioner was placed on three years of supervised release while on parole. (ECF No. 1, app. 1.) Petitioner's parole was revoked on July 31, 2008.[2] (ECF No. 1, p. 8.) Petitioner was returned to state custody to serve his remaining sentence.[3] (ECF No. 1, app. 1.)

On June 22, 2009, Petitioner filed an Informal Complaint with the Virginia Department of Corrections ("VDOC") complaining that he

---

[1] Harold W. Clarke replaced Gene M. Johnson as Director of the Virginia Department of Corrections on October 8, 2010.

[2] Petitioner explicitly does not contest the basis upon which his release on parole was revoked. (ECF No. 1, p. 14.)

[3] This sentence includes the six (6) months and twenty-nine (29) days left on Petitioner's original sentence, along with nine (9) years, seven (7) months, and nine (9) days of revoked good time previously earned prior to release on parole. (ECF No. 1, app. 1.) Upon revocation of mandatory parole, a parolee is denied the benefit of previously accrued good conduct credits. See Va. Code § 53.1-159. Petitioner's anticipated release date is March 20, 2014. (Id.)

2

should only have been on parole for the time remaining on his sentence rather than the three years of supervised release and that upon having his parole revoked, he should only have to serve six months rather than nine years and seven months. (ECF No. 1, app. 2.) Petitioner filed another Informal Complaint with the VDOC on July 21, 2009, complaining that his sentence had been improperly calculated under Virginia law. (ECF No. 1, app. 2.) Petitioner filed another Informal Complaint with the VDOC on July 21, 2009, complaining that his parole should not have been revoked under Virginia law. (ECF No. 1, app. 2.) Petitioner filed another Informal Complaint with the VDOC on July 21, 2009, complaining that the Virginia Parole Board had violated his 14th Amendment rights. (ECF No. 1, app. 2.) Petitioner filed another Informal Complaint with the VDOC on July 21, 2009, complaining that the Virginia Parole Board had violated his rights to due process. (ECF No. 1, app. 2.)

Petitioner filed a petition for a writ of habeas corpus with the Virginia Supreme Court on January 19, 2010. (ECF No. 7, Ex. A.) The Virginia Supreme Court denied the petition on April 13, 2010. (ECF No. 7, Ex. C.) The Virginia Supreme Court also denied Petitioner's Motion for a Rehearing on June 16, 2010. (ECF No. 7, Ex. C.)

Petitioner filed the instant petition on August 5, 2010. (ECF No. 1.) Respondent filed his Answer and Motion to Dismiss on

September 1, 2010.[4] (ECF Nos. 5-6.) Petitioner filed his Response in Opposition to the Motion to Dismiss on September 17, 2010. (ECF No. 9.) The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rules Governing Section 2254 Cases 8(a); Beaver v. Thompson, 93 F.3d 1186, 1190 (4th Cir. 1996).

### B. Grounds Alleged

Petitioner asserts the following grounds for relief:

(a) That Petitioner's release on parole was revoked in violation of the 5th, 8th and 14th Amendments to the United States Constitution;

(b) That Petitioner was improperly released on parole on July 26, 2006, rather than being directly discharged from his criminal sentence;

(c) That Petitioner's parole supervision should have ended six months after his release from prison rather than Petitioner being placed on three years of supervision;

---

[4] Petitioner asserts that Respondent failed to file an answer in compliance with this Court's Order and alleges that Respondent's Motion to Dismiss is untimely. (ECF No. 9.) On August 6, 2010, the Court ordered that Respondent file his Rule 5 Answer and Motion to Dismiss within thirty (30) days. (ECF No. 3.) Respondent filed both a proper Rule 5 Answer and Motion to Dismiss on September 1, 2010, well within the deadline provided by the Court.

4

(d) That Petitioner's remaining sentence after having his parole revoked should have only been six months rather than nine years and seven months;

(e) That Petitioner's good time credits should not have been revoked upon his parole revocation on July 31, 2008.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Petitioner's habeas corpus petition because the Court FINDS that the petition is barred by the applicable statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, id. § 2244(d)(1), and the circumstances in which the limitation period may be tolled, id. § 2244(d)(2).

### A. Commencement of the Statute of Limitations

The AEDPA provides that:

> The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the limitation period for filing a federal habeas corpus petition commences when the petitioner's conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). However, in this case, Petitioner is not challenging the state judgment which sentenced him on February 15, 1984, pursuant to his convictions for murder, attempted robbery, and a weapons charge. Rather, Petitioner is challenging the revocation of his parole by state authorities on July 31, 2008.

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Pursuant to this provision, the limitation period "commences when the factual predicate 'could have been discovered,' not when it was actually discovered by a given prisoner." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); see also Schlueter v. Varner, 384 F.3d

69, 74 (3d Cir. 2004); Carter v. Virginia, No. 3:09cv121, 2010 WL 331758, at *3 (E.D. Va. Jan. 26, 2010). Moreover, the relevant inquiry is "when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their [sic] legal significance." McKinney v. Ray, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008); see also Owens, 235 F.3d at 359; Johnson v. Polk, No. 1:07cv278, 2008 WL 199728, at *3 (M.D.N.C. Jan. 22, 2008); Phillips v. Spencer, 477 F. Supp. 2d 306, 311 (D. Mass. Jan. 24, 2007).

The Fourth Circuit has held that 28 U.S.C. § 2244(d)(1)(D) provides the commencement date for a petitioner challenging a state parole revocation. Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003).

> Subparagraph D, by referencing the date on which the factual predicate of [Petitioner's] claim could have been discovered through the exercise of due diligence, references the date that [Petitioner's] parole revocation became final. On that date, [Petitioner's] good conduct credits were rescinded by operation of law, and on that date [Petitioner] could have discovered through public sources that such had occurred.

Id.[5] (emphasis added).

---

[5] Petitioner asserts that the limitations period under 28 U.S.C. § 2244(d)(1)(D) began to run on June 22, 2009. (ECF No. 9.) This is the date on which Petitioner received a response from VDOC regarding one of his numerous informal complaints. Petitioner claims that this is the earliest that he could have "discovered" that he would have to serve time in relation to his good time previously earned being revoked. However, several of Petitioner's

7

## B. Expiration of Statute of Limitations

Petitioner's allegations stem from the revocation of his Virginia parole on July 31, 2008. (ECF No. 1, p. 8). This is the date that the statute of limitations began to run. Therefore, the deadline for Petitioner to file the instant petition was July 31, 2009. Petitioner filed his petition on July 30, 2010, after the AEDPA statute of limitations had run. Therefore, Petitioner filed the instant petition three-hundred and sixty-four (364) days after the applicable statute of limitations had expired.

## C. Statutory Tolling

A person in state custody may toll the running of the limitation period during the time in "which a properly filed application for State post-conviction or other collateral [proceeding] . . . is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed his state petition for habeas corpus directly with the Virginia Supreme Court on January 13, 2010. The Virginia Supreme Court dismissed the petition on April 13, 2010, and denied Petitioner's motion for a rehearing on June 6, 2010. Petitioner filed his habeas with the Virginia Supreme Court after the statute

---

claims relate to his release on parole when Petitioner asserts he should have been directly discharged from his sentence. Petitioner would have been aware of those claims on July 26, 2006, the date he was released on mandatory parole. Nevertheless, the Fourth Circuit held that a petitioner could have discovered that his good conduct credits were rescinded upon revocation of his parole through public sources and therefore, the date Petitioner's parole was revoked starts the limitations period under 28 U.S.C. § 2244(d)(1)(D) for all of Petitioner's claims. Wade, 327 F.3d at 333.

of limitations under the AEDPA for Petitioner's federal habeas had already expired. Therefore, Petitioner cannot claim any benefit from statutory tolling.[6]

Accordingly, the Court FINDS that the instant petition is time-barred unless there are grounds for equitable tolling of the statute of limitations.

### D. Equitable Tolling

In addition to a period of statutory tolling, Petitioner may be entitled to equitable tolling of the statute of limitations. See Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). Under the AEDPA, a petitioner may benefit from equitable tolling only if he "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). The petitioner must "establish[] two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Furthermore, "any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period

---

[6] Even taking the 154-day period of statutory tolling that Petitioner would have received for the pendency of his state habeas petition into consideration, Petitioner still would have filed the instant petition two-hundred and ten (210) days after the AEDPA statute of limitations had expired.

9

against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002) (quoting Harris with approval). The petitioner "bears the burden of establishing . . . that he is entitled to the benefit of the doctrine of equitable tolling." Doiley v. South Carolina, No. 3:08-3175, 2009 WL 3602029, at *4 (D.S.C. Oct. 27, 2009); see also Pace, 544 U.S. at 418.

The only argument provided by the Petitioner as to why equitable tolling should be applied in this case is merely a rehashing of Petitioner's argument regarding when the statute of limitations began to run. Petitioner asserts that he could not have discovered the rescission of his good time credits until after June 20, 2009. (ECF No. 9.) Petitioner has not met his burden of showing that he did not have the means to discover the factual predicate of his current claims at the time of his parole revocation hearing. Therefore, Petitioner has not shown that extraordinary circumstances prevented him from filing the instant petition within the AEDPA limitations period.

### III. CONCLUSION

The one-year statute of limitations began to run on July 31, 2008, when Petitioner's parole revocation became final. Petitioner has not established that he is entitled to any period of statutory or equitable tolling. Petitioner did not file his petition in this

10

Court until July 30, 2010, which was 364 days after the statute of limitations expired. Accordingly, the Court FINDS that Petitioner's petition is time-barred, and RECOMMENDS that the instant petition be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having found that the instant petition was not timely filed and is barred by the statute of limitations, RECOMMENDS that Petitioner's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Petitioner's claims be DISMISSED WITH PREJUDICE.

Petitioner failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)

and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

January 13, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Terence Ridley, #1109219/137479
Deerfield Correctional Center
21360 Deerfield Dr.
Capron, Virginia 23829
*Pro Se*

Richard Carson Vorhis
Office of the Attorney General
900 E Main St
Richmond, Virginia 23219
*Counsel for Respondent*

Fernando Galindo,

Clerk of Court

By: /s/
Deputy Clerk
January 14, 2011

13