UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



TERENCE RIDLEY,

    Petitioner,

v.                                                Case No.: 2:10cv387

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted of first degree murder, attempted robbery, and a weapons charge on February 15, 1984. Petitioner was released on mandatory parole on July 26, 2006. The petition alleges violations of federal rights pertaining to Petitioner's parole being revoked on July 31, 2008.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on January 13, 2011, recommending that the petition be denied and dismissed. By copy

of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On January 31, 2011, the court received the petitioner's written objections. (ECF No. 11.) The respondent filed no response to the petitioner's objections.

The petitioner objects to the magistrate judge's finding that the petition is time-barred by the applicable statute of limitations. First, Petitioner asserts that the date on which the statute of limitations began to run should be calculated pursuant to 28 U.S.C. § 2244(d)(1)(A) or (B), rather than to 28 U.S.C. § 2244(d)(1)(D). Second, Petitioner asserts that he is entitled to statutory and equitable tolling.

The Fourth Circuit has held that when a habeas petitioner challenges the rescission of his good conduct credits after the petitioner's parole is revoked, the statute of limitations begins to run on the date that the parole revocation became final, because on that date the factual predicate of the petitioner's claim could have been discovered through the exercise of due diligence. Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003). Title 28 U.S.C. § 2244(d)(1)(A) relates to the date on which a state judgment became final, and is, therefore, not applicable to these claims relating to the petitioner's parole revocation. Title 28 U.S.C. § 2244(d)(1)(B) relates to

the date on which an impediment to filing created by state action is removed. No such impediment exists in this case. Title 28 U.S.C. § 2244(d)(1)(D) relates to the date on which the factual predicate of petitioner's claim could have been discovered through the exercise of due diligence, and is, therefore, the applicable statutory provision.

Moreover, Petitioner cannot claim any relief from statutory tolling because he filed his state habeas petition after the statute of limitations for the present habeas had already expired.[1] Finally, petitioner is not entitled to equitable tolling for the reasons given in the magistrate judge's report. (ECF No. 10, at 9-10.) Accordingly, the petitioner's objections with respect to the statute of limitations are OVERRULED.

The remainder of the petitioner's written objections simply reiterate facts and arguments on the merits of his claims, all of which relate to alleged constitutional violations committed during the parole revocation process, and they all are time-barred by the applicable statute of limitations. Accordingly, the petitioner's remaining objections are OVERRULED.

---

[1] The one-year statute of limitations began to run on July 31, 2008, the date his parole was revoked. Petitioner did not submit his state habeas petition until January 13, 2010, and the instant petition was filed on August 5, 2010.

3

The Court, having reviewed the record de novo, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on January 13, 2011 (ECF No. 10), and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED. It is further ORDERED that Respondent's Motion to Dismiss (ECF No. 6) be GRANTED, and that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 28, 2011

4